Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

December 17, 2019

WILLIAM M. McCOOL, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIE SANFT,<br>JOHN SANFT, and<br>SEATTLE BARREL AND COOPERAGE COMPANY,<br><br>Defendants. | CR NO. CR19-258 RAJ<br><br>**INDICTMENT** |

The Grand Jury charges that:

### COUNT 1
### (Conspiracy)

At all times relevant to this Indictment:

**A.   Background**

   **1.   SEATTLE BARREL, LOUIE SANFT, AND JOHN SANFT**

   1.   SEATTLE BARREL AND COOPERAGE COMPANY ("SEATTLE BARREL") was a Seattle-based company that supplied industrial drums to businesses. LOUIE SANFT operated and controlled SEATTLE BARREL. SEATTLE BARREL was a general partnership owned by Adolph Sanft, Inc. and Louie Sanft, LLC, both of which

United States v. Louie Sanft et al
Indictment - 1

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

were owned by LOUIE SANFT. JOHN SANFT was SEATTLE BARREL's plant manager.

2. SEATTLE BARREL's business involved collecting used industrial and commercial drums (typically 55-gallon drums) from businesses; reconditioning the drums; and then re-selling them to other businesses. Part of the reconditioning process involved submerging the drums in a 300-gallon wash tank (hereafter the "Caustic Tank") filled with a highly corrosive chemical solution (hereafter the "Caustic Solution"). The pH level of the Caustic Solution typically exceeded 12, and sometimes exceeded 12.5, thereby qualifying as a hazardous waste under 40 C.F.R. § 261.22(a).

3. The reconditioning process left behind residue in the Caustic Solution. As a result, it was necessary periodically to clean the Caustic Tank by draining the used Caustic Solution from the Caustic Tank. SEATTLE BARREL's Caustic Tank was originally designed with the intention that the Caustic Solution would be discharged into the King County sewer. As LOUIE SANFT and JOHN SANFT knew, SEATTLE BARREL never developed a means of treating or lawfully disposing of the Caustic Solution on site.

## 2. SEATTLE BARREL's Clean Water Act Permit

4. SEATTLE BARREL operated under a wastewater discharge permit issued by the King County Industrial Waste Program ("KCIW"). The permit provided that SEATTLE BARREL could discharge industrial wastewater to the King County sewer system only in accordance with certain "pretreatment standards." Pretreatment standards are designed to ensure that industrial users discharge into the sewer system only wastewater that will not damage the sewer system, and which the wastewater treatment system can effectively process and treat.

5. King County (formerly the Municipality of Metropolitan Seattle), has been an approved pretreatment program under the Clean Water Act since 1981. 33 U.S.C. § 1342(a)(3) and (b)(8); 51 Fed. Reg. 36806-01. As such, the pretreatment standards

United States v. Louie Sanft et al
Indictment - 2

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

implemented by King County are federally enforceable and fall within the jurisdiction of the United States Environmental Protection Agency. 40 C.F.R. § 403.5(c) & (d). The Clean Water Act provides that it is unlawful to operate a source such as SEATTLE BARREL in violation of a pretreatment standard. 33 U.S.C. § 1317(d). The King County pretreatment program prohibits any industrial user from discharging industrial waste into the metropolitan sewer system without a discharge permit. King County Code, Section 28.84.060(J)(1).

6. Since at least 2009, SEATTLE BARREL's discharge permit has prohibited SEATTLE BARREL from discharging into the sewer system any wastewater with a pH level greater than 12. Fluids with a pH level in excess of 12 have the capacity to corrode and otherwise damage the sewer system and treatment plants, thereby causing the pass-through of pollutants to the treatment system and into receiving waterways, including the Duwamish River and the Puget Sound.

### 3. 2013 Covert Monitoring

7. On October 29, 2012, a KCIW employee observed JOHN SANFT dumping oily material into the sewer in violation of its permit. KCIW issued a Penalty and Compliance Order imposing financial penalties against SEATTLE BARREL.

8. KCIW then conducted covert monitoring of SEATTLE BARREL's discharges to the sewer system. The monitoring, which took place during various periods between February 2013 and August 2013, revealed that SEATTLE BARREL was regularly violating its permit by discharging wastewater in excess of pH 12 into the sewer system. The monitoring further revealed that, at times, SEATTLE BARREL had discharged hazardous wastewater with a pH of 12.5 or higher.

9. Based on these findings, on March 10, 2014, KCIW issued a Penalty and Compliance Order finding that SEATTLE BARREL had repeatedly violated its permit by, *inter alia*, discharging wastewater with a pH in excess of 12 into the sewer system. The Order specified a total of 36 violations occurring on 11 different days. KCIW fined

United States v. Louie Sanft et al
Indictment - 3

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   SEATTLE BARREL $55,250 for these violations, and ordered Seattle Barrel to install a
2   wastewater pretreatment system to avoid future violations. KCIW later reduced the fine
3   to $17,225 in recognition of the cost that SEATTLE BARREL was expected to incur
4   installing the wastewater pretreatment system.

      10.    In addition, on September 2014, KCIW issued a new discharge permit ("the Renewed Permit") to SEATTLE BARREL. The Renewed Permit contained additional requirements intended to prevent SEATTLE BARREL from discharging Caustic Solution into the sewer. The Renewed Permit: (1) expressly prohibited SEATTLE BARREL from discharging the Caustic Solution into the sewer system; (2) prohibited SEATTLE BARREL from discharging any wastewater into the sewer system unless the wastewater was first routed through an approved wastewater pretreatment system and subjected to sampling; and (3) required SEATTLE BARREL to submit to KCIW monthly self-monitoring reports disclosing any discharges to the sewer system.

      11.    SEATTLE BARREL installed a pretreatment system in or about August 2016. The pretreatment system was not designed to process Caustic Solution, and was never used for that purpose. Following the pretreatment system's installation, LOUIE SANFT represented to KCIW that the pretreatment system allowed SEATTLE BARREL to re-use all of its wastewater on site, and that the facility had therefore become a "zero discharge" facility, obviating the need to sample any discharges. Beginning in September 2016, LOUIS SANFT regularly represented to KCIW that SEATTLE BARREL was not discharging industrial wastewater of any kind to the sewer system.

### 4. 2018-2019 Covert Monitoring

      12.    During a November 2017 inspection of SEATTLE BARREL, a KCIW inspector observed irregularities regarding SEATTLE BARREL's handling of wastewater. Following that inspection, the Environmental Protection Agency Criminal Investigative Division ("EPA-CID") conducted additional covert monitoring of SEATTLE BARREL's discharges into the sewer system.

United States v. Louie Sanft et al
Indictment - 4

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. The covert monitoring took place over three periods: April and May 2018, September and October 2018, and February and March 2019. Like the 2013 monitoring results, the 2018 and 2019 monitoring results showed that SEATTLE BARREL was regularly discharging wastewater in excess of pH 12 to the sewer system. During this entire period, LOUIE SANFT and SEATTLE BARREL had represented to KCIW that SEATTLE BARREL was not discharging *any* industrial wastewater—much less wastewater with a pH exceeding 12—to the sewer.

14. On the morning of March 8, 2019, EPA-CID conducted real-time pH monitoring of SEATTLE BARREL's wastewater discharge. At approximately 6:18 am, the monitoring equipment indicated that SEATTLE BARREL had begun discharging high-pH wastewater into the sewer. EPA-CID agents then executed a search warrant at the SEATTLE BARREL facility. Agents discovered a portable pump coated with high-pH liquid on the floor near the Caustic Tank. A SEATTLE BARREL employee admitted he had been using the pump to discharge the Caustic Solution into a hidden drain that had not previously been disclosed to KCIW, and which led directly to the King County sewer.

**B.     The Conspiracy**

15. Beginning at a time unknown, but no later than August 2009, and continuing until at least September 24, 2019, at Seattle, within the Western District of Washington, and elsewhere, LOUIE SANFT, JOHN SANFT, SEATTLE BARREL, and others, agreed that SEATTLE BARREL would secretly and regularly discharge Caustic Solution, a liquid with a pH greater than 12, from the 300-gallon Caustic Tank into the King County sewer system in violation of SEATTLE BARREL's discharge permit. The defendants agreed that SEATTLE BARREL would cause the discharge by, *inter alia,* using a portable pump and hose to pump the Caustic Solution from the Caustic Tank to a hidden drain leading directly to the sewer. LOUIE SANFT, JOHN SANFT, SEATTLE BARREL, and others, further agreed to conceal this practice, and the existence of the hidden drain, from regulators such as KCIW.

United States v. Louie Sanft et al
Indictment - 5

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

16. By entering into the foregoing agreement, LOUIE SANFT, JOHN SANFT, and SEATTLE BARREL, together with others known and unknown to the grand jury, did knowingly conspire, confederate and agree, together and with each other, to:

   a. Knowingly own and operate, and cause to be operated, a source, in violation of an approved local pretreatment program in violation of the Clean Water Act, Title 33, United States Code, Section 1319(c)(2)(A);

   b. Knowingly make, and cause to be made, material false statements in documents required to be filed under the Clean Water Act, in violation of Title 33, United States Code, Section 1319(c)(4);

   c. Knowingly and willfully falsify, conceal, or cover up, by any trick, scheme or device, a material fact within the jurisdiction of the United States Environmental Protection Agency in violation of Title 18, United States Code, Section 1001(a)(1); and

   d. Knowingly and willfully defraud the United States concerning its governmental functions and rights, that is, the right of the Environmental Protection Agency to have its business and its affairs conducted free of fraud, improper influence, dishonesty, unlawful impairment, and obstruction.

C. **Manner and Means**

It was part of the conspiracy that:

17. LOUIE SANFT and JOHN SANFT directed SEATTLE BARREL employees, including a SEATTLE BARREL employee known to the grand jury as "Person 1," to secretly and regularly discharge SEATTLE BARREL's Caustic Tank, which contained Caustic Solution with a pH level exceeding 12, and sometimes exceeding 12.5, into the King County sewer system.

18. LOUIE SANFT and SEATTLE BARREL submitted to KCIW Wastewater Discharge Permit Applications on which they falsely represented that the only wastewater SEATTLE BARREL discharged to the sewer was "rinse water" and "steam."

United States v. Louie Sanft et al
Indictment - 6

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendants further falsely represented on the applications that SEATTLE BARREL disposed of the Caustic Solution by taking it to a disposal facility, when in fact SEATTLE BARREL discharged most of its Caustic Solution into the King County sewer system.

19. LOUIE SANFT and JOHN SANFT made false oral and written statements to KCIW, EPA-CID, and others, about the means by which SEATTLE BARREL was disposing of its Caustic Solution. At various points in time, LOUIE SANFT and JOHN SANFT stated that the solution was: (a) taken off site to a disposal facility; (b) sent to SEATTLE BARREL's evaporator, where it was evaporated; (c) evaporated from the Caustic Tank; or (d) processed through SEATTLE BARREL's onsite pretreatment system.

20. After KCIW confronted LOUIE SANFT with the findings of its 2013 covert monitoring activities, LOUIE SANFT lied to, misled, and otherwise deceived, KCIW about the cause of the high-pH discharges. LOUIE SANFT falsely represented to KCIW and other regulators that the high-pH discharges were the result of an oversight involving inadvertent blowdowns from SEATTLE BARREL's boilers, and that SEATTLE BARREL had "permanently resolved" the issue causing the high-pH discharges by installing an automated boiler system. In fact, as LOUIE SANFT well knew, the discharges were the result of SEATTLE BARREL employees discharging Caustic Solution into the sewer, as LOUIE SANFT and JOHN SANFT had directed them to do.

21. LOUIE SANFT and SEATTLE BARREL concealed from, and failed to disclose to KCIW, the existence of a hidden drain leading directly from the SEATTLE BARREL facility to the sewer, despite the KCIW order requiring that SEATTLE BARREL only discharge wastewater through a single drain connected to the pretreatment system. When KCIW directed SEATTLE BARREL to seal a similar drain because the drain could be used to circumvent the wastewater system and otherwise violate

United States v. Louie Sanft et al
Indictment - 7

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

SEATTLE BARREL's permit, LOUIE SANFT and SEATTLE BARREL failed to seal the hidden drain or to disclose its existence to KCIW.

22. Following the imposition of the 2014 Penalty and Compliance Order, and at the direction of LOUIE SANFT, JOHN SANFT, and SEATTLE BARREL, SEATTLE BARREL employees, including Person 1, continued to discharge the contents of the Caustic Tank directly into the King County sewer system. Specifically, the employees used a portable pump and hose to pump the Caustic Solution into the hidden drain, thereby circumventing the wastewater treatment system, as well as the system's sampling and monitoring device. LOUIE SANFT told Person 1 to watch out for regulators prior to activating the pump. On some occasions, JOHN SANFT assisted with using the pump or with looking out for regulators.

23. LOUIE SANFT further misled KCIW by stating that SEATTLE BARREL had installed a "zero discharge" wastewater pretreatment system at SEATTLE BARREL and that, as a result, SEATTLE BARREL was not discharging wastewater of any kind into the sewer. LOUIE SANFT represented that the pretreatment system allowed SEATTLE BARREL to re-use all of its wastewater, thereby eliminating the need for SEATTLE BARREL to discharge any wastewater into the sewer, and further eliminating the need for SEATTLE BARREL to take samples of any discharge.

**D.   Overt Acts**

24. In furtherance of the conspiracy, and to accomplish one or more of its objects, LOUIE SANFT, JOHN SANFT, SEATTLE BARREL, and others known and unknown to the grand jury, undertook, and caused to be undertaken, one or more of the following overt acts at Seattle, within the Western District of Washington:

   a. At the direction of LOUIE SANFT and JOHN SANFT, SEATTLE BARREL employees, including Person 1, discharged the contents of the 300-gallon Caustic Tank into the King County sewer on a regular basis, and at least approximately once per week. By way of example, Person 1 caused discharges in excess of 12 pH on April 20, 2018, October 18, 2018, and March 8, 2019.

United States v. Louie Sanft et al
Indictment - 8

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.   Each month between September 2016 and March 2019, LOUIE SANFT completed and mailed to KCIW monthly Self-Monitoring Reports on which LOUIE SANFT represented that SEATTLE BARREL had not discharged any wastewater to the sewer during the preceding month. By way of example, LOUIE SANFT completed Self-Monitoring Reports on or about October 13, 2017, May 11, 2018, October 15, 2018, and November 14, 2018. The reports represented that SEATTLE BARREL had not discharged any industrial wastewater during September 2017, April 2018, September 2018, and October 2018, respectively.

c.   During a November 28, 2017, KCIW inspection, LOUIE SANFT falsely told KCIW that, to clean the Caustic Tank, SEATTLE BARREL would evaporate the Caustic Solution in the tank and then clean out the solids. He stated the evaporation process took one day.

d.   On March 8, 2019, LOUIE SANFT participated in an interview with Special Agents from EPA-CID. LOUIE SANFT falsely told the agents that SEATTLE BARREL's only discharge point to the sewer was via the wastewater treatment system, despite being fully aware of the existence and use of the facility's hidden drain. Further, LOUIE SANFT falsely told EPA CID agents that he was unaware of any discharges from the Caustic Tank to the sewer in the last year. LOUIE SANFT also falsely told the agents that Seattle Barrel disposed of liquid from the Caustic Tank by allowing most of the liquid in the tank to evaporate and potentially routing remaining liquid to the wastewater treatment system.

e.   JOHN SANFT likewise participated in an interview with EPA-CID Special Agents on March 8, 2019. JOHN SANFT repeatedly made the false statement that there were no drains to the sewer at the SEATTLE BARREL facility other than the drain from the wastewater treatment system. JOHN SANFT also falsely stated that SEATTLE BARREL disposed of the Caustic Solution by evaporating it from the tank.

f.   On September 24, 2019, at the invitation of LOUIE SANFT and SEATTLE BARREL, representatives of EPA-CID attended a site visit at SEATTLE BARREL to gather information for an ongoing grand jury investigation. LOUIE SANFT knew of the existence of the grand jury investigation, and further knew that the investigation concerned LOUIE SANFT's conduct regarding, and knowledge of, the discharges of Caustic Solution into the sewer system. In an effort to corruptly obstruct, influence and impede the grand jury's investigation, LOUIE SANFT directed an agent with authority to speak on his behalf to falsely represent to the EPA that LOUIE SANFT had believed, during the period prior to March 8, 2019, that SEATTLE BARREL was disposing of the Caustic Solution by evaporating it with SEATTLE BARREL's evaporator.

United States v. Louie Sanft et al
Indictment - 9

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-30
### (Violations of the Clean Water Act)

25. The Grand Jury incorporates Paragraphs 1-24 as if fully set forth herein.

26. On or about the dates identified below, at Seattle, within the Western District of Washington, and elsewhere, LOUIE SANFT, JOHN SANFT, and SEATTLE BARREL knowingly violated a requirement imposed in a pretreatment program approved under the Clean Water Act, by causing the discharge of industrial wastes in violation of SEATTLE BARREL's discharge permit by pumping Caustic Solution to the King County sewer system via the hidden drain. Each of the following examples of defendants' discharges constitutes a separate count of this Indictment:

| Count | Date of Discharge |
|---|---|
| 2 | April 16, 2018 |
| 3 | April 20, 2018 |
| 4 | April 21, 2018 |
| 5 | April 26, 2018 |
| 6 | April 28, 2018 |
| 7 | April 30, 2018 |
| 8 | September 20, 2018 |
| 9 | September 21, 2018 |
| 10 | September 24, 2018 |
| 11 | September 26, 2018 |
| 12 | September 28, 2018 |
| 13 | October 1, 2018 |
| 14 | October 2, 2018 |
| 15 | October 4, 2018 |
| 16 | October 5, 2018 |
| 17 | October 9, 2018 |
| 18 | October 10, 2018 |
| 19 | October 12, 2018 |
| 20 | October 15, 2018 |
| 21 | October 18, 2018 |
| 22 | October 19, 2018 |
| 23 | October 22, 2018 |

United States v. Louie Sanft et al  
Indictment - 10

UNITED STATES ATTORNEY  
700 STEWART STREET  
SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

| Count | Date of Discharge |
|---|---|
| 24 | October 24, 2018 |
| 25 | February 15, 2019 |
| 26 | February 18, 2019 |
| 27 | February 20, 2019 |
| 28 | February 25, 2019 |
| 29 | March 1, 2019 |
| 30 | March 8, 2019 |

All in violation of Title 33, United States Code, Section 1319(c)(2)(A) and Section 1317, and Title 18, United States Code, Section 2.

## COUNTS 31-34
### (Submission of False Clean Water Act Certifications)

27. The Grand Jury incorporates Paragraphs 1-24 as if fully set forth herein.

28. On or about the dates set forth below at Seattle, within the Western District of Washington, and elsewhere, LOUIE SANFT, JOHN SANFT, and SEATTLE BARREL did willfully and knowingly make, and cause to be made, materially false statements in documents required to be filed under the Clean Water Act and the regulations promulgated thereunder, in that LOUIE SANFT prepared and submitted Self-Monitoring Reports to the King County Industrial Waste Program, which reports falsely represented that SEATTLE BARREL had not discharged wastewater to the sewer during the preceding months when, as the defendants well knew, SEATTLE BARREL employees had caused Caustic Solution to be discharged into the King County Sewer system. Each of the following examples of defendants' fraudulent submissions constitutes a separate count of this Indictment:

United States v. Louie Sanft et al
Indictment - 11

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Count | Date | False Certification |
|---|---|---|
| 31 | October 13, 2017 | Zero Discharge for September 2017 (except for equipment testing) |
| 32 | May 11, 2018 | Zero Discharge for April 2018 |
| 33 | October 15, 2018 | Zero Discharge for September 2018 |
| 34 | November 14, 2018 | Zero Discharge for October 2018 |

All in violation of Title 33, United States Code, Section 1319(c)(4) and Title 18, United States Code, Section 2.

### COUNT 35
(False Statement to the United States)

29. The Grand Jury incorporates Paragraphs 1-24 as if fully set forth herein.

30. On or about March 8, 2019, at Seattle, within the Western District of Washington, and elsewhere, LOUIE SANFT and SEATTLE BARREL did willfully and knowingly make, and cause to be made, a materially false, fictitious, and fraudulent statement in a matter within the jurisdiction of the Environmental Protection Agency. Specifically, LOUIE SANFT represented to an EPA-CID Special Agent that SEATTLE BARREL disposed of its Caustic Solution by evaporating it from the Caustic Tank.

All in violation of Title 18, United States Code, Section 1001(a)(2) and Section 2.

### COUNT 36
(False Statement to the United States)

31. The Grand Jury incorporates Paragraphs 1-24 as if fully set forth herein.

32. On or about March 8, 2019, at Seattle, within the Western District of Washington, and elsewhere, JOHN SANFT and SEATTLE BARREL did willfully and knowingly make, and cause to be made, a materially false, fictitious, and fraudulent statement in a matter within the jurisdiction of the Environmental Protection Agency. Specifically, JOHN SANFT represented to an EPA-CID Special Agent that JOHN

//
//

United States v. Louie Sanft et al
Indictment - 12

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

SANFT was not aware of any open drains leading from the SEATTLE BARREL facility to the King County sewer system.

All in violation of Title 18, United States Code, Section 1001(a)(2) and Section 2.

A TRUE BILL:

DATED: 12-17-2019

[Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States]

_____
FOREPERSON

_____
BRIAN T. MORAN
United States Attorney

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

_____
SETH WILKINSON
Assistant United States Attorney

_____
KARLA PERRIN
Special Assistant United States Attorney

United States v. Louie Sanft et al
Indictment - 13

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970