THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LOUIE SANFT, JOHN SANFT, and<br>SEATTLE BARREL AND<br>COOPERAGE COMPANY,<br><br>　　　　　　　Defendants. | Case No. CR 19-00258 RAJ<br><br>**ORDER ON DEFENDANTS'<br>MOTION FOR SEVERANCE** |

THIS MATTER comes before the Court upon defendant Louie Sanft's Motion for Severance (Dkt. 48) and joinder by defendants Seattle Barrel and Cooperage Company (Dkt. 49) and John Sanft (Dkt. 52). The government responded (Dkt. 50 and 55) and defendants John Sanft and Seattle Barrel and Cooperage replied (Dkts. 54 and 56). Having considered these pleadings, and being familiar with the files and record, the Court **GRANTS** the motion to sever.

The undisputed facts demonstrate that federal agents of the Environmental Protection Agency (EPA) executed a search warrant on Seattle Barrel on March 8, 2019. During this engagement, EPA agents interviewed Louie Sanft and John Sanft. Both defendants made statements which are reflected in Exhibits A and B to the government's response to the rule of completeness motion. Dkt. 51-1 and 51-2.

The pleadings on file clearly indicate the government intends to use portions of John Sanft's recorded interview to demonstrate that he had knowledge of the potential

discharges. Dkt. 5. Defendant John Sanft filed a motion to require admission of certain additional statements he made pursuant to the Federal Rule of Evidence 106, the rule of completeness, and the Court granted that motion. Dkt. 57. Defendant Louie Sanft now moves for severance. Defendant's motion is **GRANTED.**

Rule 14(a) of the Federal Rules of Evidence provides:

> (a) **Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Defendant Louie Sanft premises the basis for severance on grounds that to do otherwise would violate the Confrontation Clause of the Sixth Amendment and create an intractable conflict. *Bruton v. United States,* 391 U.S. 123 (1968). The Court will address each of the justifications separately.

Having granted Defendant John Sanft's motion for the admission of the statements he made in the EPA interview, such evidence will squarely place before the jury the statements of John Sanft about what he represented he reported to Louie Sanft. Under these circumstances, Louie Sanft's rights under the Confrontation Clause will be compromised. The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him. "The right of confrontation includes the right to cross-examine witnesses. *Pointer v. Texas,* 380 U.S. 400, 406-407 (1965).

This constitutional compromise in turn creates an irreconcilable *Bruton* problem which the government acknowledges "will likely require severance." Dkt. 50. The Court agrees and confirms that the statements John Sanft will be permitted to introduce qualify as powerfully incriminating statements under *Bruton.* These statements strongly indicate that John Sanft was aware of Mr. Leiva's wastewater discharges and that he twice alerted Louie Sanft to the issue. If the statements of John Sanft and Louie Sanft are introduced together, their statements cannot be reconciled, and John Sanft's

statements inculpate Louie Sanft.

For these reasons, the trial of Louis Sanft and Seattle Barrel and Cooperage Company must be severed from the trial of John Sanft.

The Court treats the government's procedural objection to John Sanft's joinder in the severance motion as moot considering the Court granting the severance motion of Louie Sanft.

For the foregoing reasons, defendant Louie Sanft's motion for a separate trial and severance from John Sanft is **GRANTED**.  The Court will enter a separate scheduling order addressing trial dates.

DATED this 4th day of August, 2021.

_____
The Honorable Richard A. Jones
United States District Judge