HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

　　　　Plaintiff,

　　v.

LOUIE SANFT, JOHN SANFT, and
SEATTLE BARREL AND COOPERAGE
COMPANY

　　　　Defendants.

Case No. CR 19-00258 RAJ

ORDER

## I.　　INTRODUCTION

THIS MATTER comes before the Court on the Government's motion to compel Defendants to produce a compliant exhibit list.  Dkt. 75.  Defendants oppose this motion.  Dkt. 76.  The Government filed a reply brief, Dkt. 85, which Defendants moved to strike, Dkt. 104.  Having reviewed the briefing, record, and relevant law, the Court finds that oral argument is unnecessary.  For the reasons below, the Government's motion, Dkt. 75, is GRANTED, and Defendants' motion to strike, Dkt. 104, is GRANTED in part and DENIED in part.

## II.　　BACKGROUND

Trial in this matter is scheduled to begin on November 30, 2021.  After the parties agreed to an early exchange of Exhibit Lists, Defendants informed the Government that they would not be including on their Exhibit List any exhibits they intend to offer during

ORDER – 1

cross-examination of witnesses called by the Government. Dkt. 75 at 2. The Government disagreed with Defendants' position regarding disclosure obligations. *Id.*

After failing to resolve the matter, the Government moved the Court to issue an order requiring Defendants to disclose all non-impeachment exhibits they intend to offer at trial on their respective Exhibit Lists and to produce these exhibits to the Government to the extent they are not already in the Government's possession. *Id.* Defendants filed their opposition, Dkt. 76, and the Government filed a reply brief in support of its motion, Dkt. 85. Defendants moved for leave to file a surreply, Dkt. 91, which the Court granted, Dkt. 98. Defendants then filed a surreply/motion to strike the Government's reply brief. Dkt. 104.

### III.   DISCUSSION

Having reviewed all the briefing, the Court will first address the Government's motion to compel followed by Defendants' surreply/motion to strike.

**A.   Government's Motion to Compel Defendants to Produce a Compliant Exhibit List**

The Government moves the Court to order Defendants to provide all the non-impeachment exhibits they intend to offer during cross-examination and produce any such exhibits to the Government to the extent they are not already in the Government's possession pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A). Dkt. 75 at 2. The Government claims that its request is consistent with the rule, which requires the defense to produce all documents or items that "the defendant intends to use . . . in the defendant's case-in-chief at trial." *Id.* at 3.

Defendants argue that they are not required to produce all exhibits under Rule 16(b)(1)(A) but instead need only produce evidence that they intend to use in the defendants' case-in-chief. Dkt. 76 at 2. Defendants argue that because a defendant's cross-examination of government witnesses is not part of his or her case-in-chief, Rule 16 does not require advanced disclosure of the related exhibits. *Id.* Defendants further

ORDER – 2

contend that an order requiring them to provide advance notice of cross-examination topics would (1) restrict their Confrontation Clause rights and due process protections under the Fourteenth Amendment; (2) establish a reverse-*Brady* requirement; (3) require Defendants to disclose their work product; and (4) upend trial practice in this district and create poor precedent that would negatively impact future defendants. *Id.* at 3-9.

Under Rule 16, a defendant "must permit the government to inspect and copy" any documents within its control if the defendant "intends to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A). In *United States v. Swenson*, as here, the parties disagreed as to the meaning of "case-in-chief" in Rule 16 and whether defendants were obligated to produce exhibits they intend to use at trial during cross examination of a government witness other than for impeachment purposes. 298 F.R.D. 474, 476 (D. Idaho 2014). The court expressed its view regarding Rule 16(b)(1)(A) accordingly:

> [W]hen cross examining a government witness, a defendant is asserting the defense that the government cannot prove the required elements of the crime charged and thus is required to disclose any evidence it seeks to use to establish the failure of proof. On the other hand, the defendant is not required to disclose evidence used to impeach a government witness by, for example, showing a prior inconsistent statement. To hold otherwise, would effectively render Rule 16(b)(1)(A) a nullity unless a defendant asserted an affirmative defense or planned to put on his or her case after the government rested.

*Id.* at 476-77. The Court ultimately adopted the holding of *United States v. Hsia*, which defined the "case-in-chief" as "[t]he part of a trial in which a party presents evidence to support its claim or defense." No. CRIM. 98-0057 (PLF), 2000 WL 195067 at *2 (D.D.C. Jan. 21, 2000). The *Hsia* court held that the cross-examination of government witnesses is "properly seen as part of defendant's case in chief it if buttresses her theory of the case." *Id.* Based on this, the *Swenson* court held that if the prerequisites of Rule 16(b)(1)(A) are met, then defendants "have a duty to produce any exhibits they intend to use at trial during cross examination of a government witness other than for

ORDER – 3

impeachment purposes." *Id.* at 477.

The defendants appealed, arguing—as here—that such a requirement violates defendants' constitutional rights. *United States v. Ellison*, 704 F. App'x 616, 624-25 (9th Cir. 2017). The Ninth Circuit nonetheless affirmed the district court's decision, holding that "the district court properly refused to limit Appellants' production obligation to those exhibits they planned to introduce with their own witnesses by refusing to cabin their 'case-in-chief' to the period after which they called their first witness at trial, because a defendant may establish his defense by cross-examining the government's witnesses." *Id.* at 625.

The Court agrees with this reasoning, which has been adopted by various district courts in this Circuit. *See United States v. Aiyaswamy*, No. 15-CR-00568-LHK-1, 2017 WL 1365228, at *4 (N.D. Cal. Apr. 14, 2017); *United States v. Larkin*, No. 2:12-CR-319-JCM-GWF, 2015 WL 4415506, at *5 (D. Nev. July 20, 2015); *United States v. Holden*, No. 3:13-CR-00444-BR, 2015 WL 1514569, at *4 (D. Or. Mar. 19, 2015). Contrary to Defendants, the Court agrees with the *Holden* court that *United States v. Harry*, 2014 WL 6065705 (D.N.M. Oct. 14, 2014), is unpersuasive. *Holden*, 2015 WL 1514569, at *4 (holding that the conclusion that Rule 16(b)(1)(A) requires a defendant to disclose non-impeachment substantive evidence that the defendant intends to use in cross-examination of government witnesses "is more consistent with the realities of modern trial practice, the analytical approach the Ninth Circuit [has taken], and the structure and integrity of Rule 16(b) as a whole").

The Court finds Defendant's alternative arguments unavailing. The Ninth Circuit has already rejected Defendants' argument that their constitutional rights will be violated by the adoption of the *Swenson* court's interpretation of Rule 16, holding that because the district court "enforced Appellants' reciprocal discovery obligations [under Rule 16], it did not violate their constitutional rights." 704 F. App'x at 625. With respect to concerns about work product doctrine, as the Government noted, Dkt. 85 at 4, parties are

ORDER – 4

already obligated to identify exhibits pursuant to pretrial disclosure rules. Such exhibits are not considered work product, and Defendants fail to cite authority supporting this position.

Defendant's "reverse-*Brady*" argument also fails as it is inapplicable here. A *Brady* requirement requires the prosecution to produce exculpatory evidence to defendants under the Fourteenth Amendment Due Process Clause. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). A reverse-*Brady* requirement requires "defendants to produce *inculpatory* material." *United States v. West*, 790 F. Supp. 2d 673, 682 (N.D. Ill. 2011) (emphasis added). Because the Government here is not seeking inculpatory evidence, but rather defendants' trial exhibits, which would likely be exculpatory in nature, a reverse-*Brady* requirement does not apply here. Finally, because the Court finds that granting the Government's motion will not abridge the rights of Defendants or apply an unreasonable application of Rule 16, the Court rejects Defendants' claim that such a decision will create poor precedent and problems for future defendants. For these reasons, the Court **GRANTS** the Government's Motion to Compel Defendants to Produce a Compliant Exhibit List. Dkt. 75.

**B.    Defendants' Surreply/Motion to Strike in Opposition to Government's Motion to Compel**

Defendants argue that the Government's reply brief should be stricken because it violates Local Criminal Rule 12(b)(1) by failing to support facts with a declaration, and Fed. Rule Evid. 802 by seeking to represent the Federal Public Defender of the Western District of Washington without his testimony. Dkt. 104 at 2. Specifically, Defendants point to the Government's claims that "it is routine practice in this district for defense counsel to produce cross-examination exhibits as a part of reciprocal discovery," and that the "[FPD] concurs in this practice" as inaccurate and unsupported by declarations. *Id.* at 1. Defendants also argue that the Government inaccurately implies that *United States v. Ellison*, 704 Fed. App'x. 616 (2017), an unpublished Ninth Circuit case, is binding on

ORDER – 5

this Court. *Id.* at 3.

Under CrR 12(b)(1), a movant must provide copies of all affidavits and other evidence to the parties "[i]f the motion requires the consideration of facts not appearing of record." In its reply, the Government asserted that the "criminal defense counsel, including the Federal Public Defender, regularly comply with this rule," and "defense counsel, including . . . the Federal Public Defender's Officer—routinely include their substantive (non-impeachment) cross-examination exhibits on their exhibit lists." Dkt. 85 at 1-2. Because these factual assertions do not appear in the record, the Government was required to file copies of affidavits in support of them. Local Rules, W.D. Wash. CrR 12(b)(1). Although the Government proffers a handful of cases to demonstrate the application of this discovery practice in the district, the Government cannot state—without further support—that such a practice is the routine by which defense counsel "regularly comply." The Government's failure to support factual assertions that do not appear in the record with affidavits or other evidence violates CrR 12(b)(1), and the Court thereby strikes from the Government's Reply Brief any reference to the Federal Public Defender and to the characterization of this discovery practice as "routine" in this district.

The Court finds no basis for striking any other material contained in the Government's reply brief. Defendants' claim that the Government "inaccurately implies" that an unpublished Ninth Circuit case is binding on this Court is meritless. *See* Dkt. 104 at 3. The Government highlighted the case as analogous and emphasized the analysis of the holding, but nowhere did the Government assert that this case was binding. Moreover, this Court is well-versed in the difference between persuasive and controlling authority and finds no reason to strike the Government's discussion of *United States v. Ellison*, 704 Fed. App'x. 616 (2017). For these reasons, the Court GRANTS in part and DENIES in part Defendants' motion to strike the Government's reply brief.

ORDER – 6

## IV. CONCLUSION

For the reasons stated above, the Government's Motion to Compel Defendants to Produce a Compliant Exhibit List is **GRANTED**. Dkt. 75. Defendants are **ORDERED** to provide the Government a list of all non-impeachment exhibits they intend to offer at trial and to produce these exhibits to the Government to the extent they are not already in the Government's possession.

Defendants surreply/motion to strike is **GRANTED in part** and **DENIED in part**. References to the Federal Public Defender of the Western District of Washington and to characterizations of the discovery practice as "routine" or "regularly" complied with in this district shall be stricken.

DATED this 12th day of November, 2021.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 7