HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LOUIE SANFT, JOHN SANFT, and
SEATTLE BARREL AND COOPERAGE
COMPANY

    Defendants.

Case No. CR 19-00258 RAJ

ORDER

THIS MATTER comes before the Court on the Government's Motion for Judicial Notice Re: King County's Approved Pretreatment Program. Dkt. 78. Defendants filed a joint opposition to the motion. Dkt. 89. For the reasons below, the Court **GRANTS** the motion.

Defendants Louis Sanft and Seattle Barrel and Cooperage Company are charged with conspiring to violate the Clean Water Act, violating a condition of an approved pretreatment program under the Clean Water Act, and submitting false material statements in documents required to be filed under the Clean Water Act, among other charges. Dkt. 78 at 1. To prove these violations, the Government must establish the jurisdictional fact that the United States Environmental Protection Agency ("EPA") approved King County's pretreatment program pursuant to the Clean Water Act. *Id.* at 1-2.

ORDER – 1

The Government moves the Court to take judicial notice of the fact that King County's pretreatment program that has been approved by the EPA, based on (1) a letter from the EPA to the Municipality of Metropolitan Seattle, King County's predecessor, approving the pretreatment program dated April 27, 1981, attached to the Government's motion as Exhibit A; (2) a Federal Register notice referencing the pretreatment programs previously approved by the EPA, attached to the Government's motion as Exhibit B; and (3) information on websites maintained by King County and the Washington Department of Ecology, a state administrative agency. *Id.* at 5-6.  The Government contends that because the EPA approval was referenced in the Federal Register, the information is all "readily ascertainable" and "the proper subject of judicial notice under Federal Rule of Evidence 201(b)." *Id.* at 2.

Defendants object to the motion, arguing that "the proffered facts cannot 'readily' be determined" and are, therefore, improper for judicial notice.  Dkt. 89 at 2.  If the Court grants the motion, Defendants alternatively move the Court to allow them to attack judicially noticed facts by offering substantive evidence and calling and cross-examining relevant witnesses. *Id.* at 3.  If the Court denies Defendants' request to rebut the evidence in this manner, Defendants ask the Court to instruct the jury of its right to reject judicially noticed facts. *Id.* at 4.  Finally, Defendants ask the Court to deny the motion, subject to renewal, until the Defendants can assess whether the Government has met its Rule 16 and *Brady* obligations. *Id.* at 4-5.

Under Rule 201(b), the court may judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Taking judicial notice of publicly available information provided by a government agency meets the requirements for judicial notice pursuant to Rule 201(b)(2). *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006) (holding that facts contained in public records are considered appropriate subjects of judicial notice);

ORDER – 2

*Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (holding "a court may take judicial notice of "matters of public record"); *see also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites"). The Court thus finds that judicial notice of facts provided on a government-issued letter to a municipality, which is subsequently referenced in the Federal Register, and on government websites meets the requirements of Rule 201(b). Indeed, the facts can be accurately and readily determined, and the accuracy of these sources "cannot be reasonably questioned."

The Court finds Defendants' request to deny the motion, subject to renewal, after the Government provides the information requested by Defendants under Rule 16 and *Brady v. Maryland*, 373 U.S. 83, is meritless. Dkt. 89 at 4-5. Under *Brady*, the Government's suppression of exculpatory evidence "violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Here, there is no indication—and Defendants provide no evidence or specific allegations—that the Government has failed to fulfill its *Brady* obligations. The Court rejects Defendants' request on this basis.

Defendants' request for the opportunity to attack the judicially noticed facts through substantive evidence and calling of witnesses is contrary to the purpose of judicial notice. "The Rule was intended to obviate the need for formal fact-finding as to certain facts that are undisputed and easily verified. *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006), *aff'd in part*, 393 F. App'x 513 (9th Cir. 2010). As explained in the Rule 201's Advisory Committee Notes, "[t]he usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of the testimony of witnesses. If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary." Fed. R. Evid. 201 Advisory Committee Notes. Having concluded that the facts proffered satisfy the requirements of Fed. R. Evid. 201(b), the Court denies Defendants' request to attack the

ORDER – 3

facts through the introduction of substantive evidence and calling of witnesses.

The Court notes, however, that when taking judicial notice in a criminal case, it "must instruct the jury that it may or may not accept the noticed fact as conclusive." Fed. R. Evid. 201(f); *see United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) (holding that the district court complied with Rule 201(f) when it "informed the jury it was not required to accept as conclusive the [judicially noticed] fact"). The Court hereby acknowledges its obligation to instruct the jury that it may disregard the judicially noticed facts, as noted by Defendants, and will do so at the appropriate time. Dkt. # 89 at 4.

For the foregoing reasons, the Court **GRANTS** the Government's Motion for Judicial Notice Re: King County's Approved Pretreatment Program and takes judicial notice of the fact that King County operates a pretreatment program approved by the EPA under the Clean Water Act.

DATED this 12th day of November, 2021.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4