HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

LOUIE SANFT, JOHN SANFT, and
SEATTLE BARREL AND COOPERAGE
COMPANY

      Defendants.

Case No. CR 19-00258 RAJ

ORDER ON GOVERNMENT'S
MOTION *IN LIMINE* TO BAR
MISTAKE-OF-LAW DEFENSES
TO CLEAN WATER ACT
CHARGES

THIS MATTER comes before the Court on the Government's Motion *in Limine* to bar Defendants Louie Sanft and Seattle Barrel from presenting mistake-of-law defenses at trial to the charges under the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.* Dkt. 88. Defendants filed a joint opposition. Dkt 92. Having considered the pleadings, record, and relevant law, the Court **GRANTS** the Government's motion. Dkt. 88.

Defendants are charged in Count 1 of the indictment with conspiring to violate the CWA, in violation of 18 U.S.C. § 371; in Counts 2-30 with knowingly violating a requirement imposed in a pretreatment program approved under the CWA, in violation of 33 U.S.C. § 1319(c)(2)(A); in Counts 31-34 with knowingly making a false material statement in a document required to be filed under the CWA, in violation of 33 U.S.C. § 1319(c)(4)(A); and in Counts 35-36 with making a false statement to the United States under 18 U.S.C. § 1001. Dkt. 1 ¶¶ 1-32. The Government now moves the Court to bar

ORDER – 1

1    Defendants from introducing evidence or raising arguments related to a mistake-of-law

2    defense to the CWA charges.  Dkt. 88 at 1-2.

3           The CWA is a general intent statute that requires the Government to prove that the

4    Defendants knowingly engaged in conduct that resulted in a violation; the Government

5    need not, however, prove that Defendants were aware that their conduct was illegal.

6    *United States v. Weitzenhoff*, 35 F.3d 1275, 1284 (9th Cir. 1993); *see also United States*

7    *v. Alghazouli*, 517 F.3d 1179, 1193 (9th Cir. 2008) (affirming that the CWA is "a 'public

8    welfare statute,' a category that, in general, does not require knowledge of the law for its

9    violation") (internal citation omitted).  In *Weitzenhoff*, the district court construed the

10    term "knowingly" in the CWA as "requiring only that [the defendants] were aware that

11    they were discharging the pollutants in question, not that they knew they were violating

12    the terms of the statute or permit."  *Id.* at 1283.  The Ninth Circuit confirmed that, based

13    on this correct interpretation of the statute, the district court "did not err in . . . refusing to

14    submit appellants' mistake of law defense to the jury."  *Id.*

15           While Defendants contend "there is not real controversy over the issue at this

16    time," they also argue that the Government's motion and proposed order "stray too far in

17    preventing Defendants from rebutting charges against them."  Dkt. 92 at 1-2.  Defendants

18    claim that granting the motion would preclude them from offering evidence or arguing

19    permissible defenses.  *Id.* at 3.  For example, they claim that Louie Sanft would be

20    precluded from arguing that he believed that the high-pH water was being disposed of

21    properly and not being discharged to the sewer.  *Id.*  They argue that the proposed order

22    would "erase the difference between Defendants asserting they do no need to know that

23    the wastewater qualifies as a 'pollutant' under the Clean Water Act with knowledge that

24    the pH level of water discharged violated Seattle Barrel's permit."  *Id.*  The Court

25    disagrees.

26           Defendants concerns primarily involve mistake-of-fact arguments, which are not

27    at issue here.  Barring a mistake-of-law defense on the CWA charges will not preclude

28    ORDER – 2

Defendants from showing, for example, that they were unaware that high-pH water was being discharged to the sewer or from demonstrating a lack of knowledge with respect to their own conduct or the facts that form the basis of the criminal conduct under the CWA. The Government must still establish that Defendants acted "knowingly" with respect to their CWA charges. The Court does not find that barring a mistake-of-law defense related to the CWA charges infringes on Defendants' constitutional rights to present a defense. Instead, the Court finds that barring a mistake-of-law defense with respect to Defendants' CWA charges is consistent with Ninth Circuit law. *Weitzenhoff*, 35 F.3d at 1283. The Court also confirms that a mistake-of-law defense is permissible with respect to Counts 35 and 36, and Defendants may argue and present evidence for such a defense limited to these charges.

For the foregoing reasons, the Government's Motion *in Limine* to bar Defendants Louie Sanft and Seattle Barrel from presenting mistake-of-law defenses at trial to the charges under the Clean Water Act, Dkt. 88, is **GRANTED**.

DATED this 12th day of November, 2021.

Richard A. Jones

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3