HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LOUIE SANFT, JOHN SANFT, and SEATTLE BARREL AND COOPERAGE COMPANY

    Defendants.

Case No. CR 19-00258 RAJ

ORDER ON DEFENDANTS' JOINT MOTION TO EXCLUDE CERTAIN OPINIONS OF JOE H. LOWRY UNDER *DAUBERT* AND FED. R. EVID. 702

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendants' Joint Motion to Exclude Certain Opinions of Joe H. Lowry Under *Daubert* and Fed. R. Evid. 702. Dkt. 81. The government opposes the motion. Dkt. 95. Having reviewed the pleadings and relevant law, the Court finds that oral argument is unnecessary. For the reasons below, the motion is **DENIED**.

## II.    LEGAL STANDARD

Under Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion

ORDER – 1

or otherwise if ... the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." A trial court must ensure that an expert's testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). The testimony is reliable "if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline," and it is relevant "if the knowledge underlying it has a valid connection to the pertinent inquiry." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (quoting *United States v. Sandoval–Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006)). Scientific evidence is reliable "if the principles and methodology used by an expert are grounded in the methods of science." *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017). "Like the test for admissibility in general, the test of reliability is also flexible." *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014).

A trial court has "broad discretion in assessing the relevance and reliability of expert testimony." *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). "Shaky but admissible evidence" is to be attacked by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof," not exclusion. 509 U.S. at 596. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). However, an "expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." 509 U.S. at 592.

### III. DISCUSSION

The government disclosed an expert report by Joe H. Lowry, Ph.D. in which he analyzed pH sewer monitoring upstream and downstream of Seattle Barrel and reviewed pH measurements taken by the government. Dkt. 81 at 3. Dr. Lowry's expert report relied, in part, on two EPA reports on the barrel reconditioning industry. Dkt. 82, Ex. B-

ORDER – 2

C. Defendants take issue with Dr. Lowry's reliance on these reports in concluding that the samples collected by the government from the caustic tank at Seattle Barrel are "consistent with" expected chemical profiles from drum reconditioning facilities. Dkt. 81 at 3. Defendants contend that such conclusions are speculative as Dr. Lowry "offers no reason to assume that the wastewater from any individual facility would match a generic industrywide profile." *Id.* at 5. Indeed, they fault Dr. Lowry's report for failing to exclude other sources of high pH liquid, claiming that the wastewater profile for the drum reconditioning industry is "so generic that it could easily apply to wastewater from other types of industrial facilities." *Id.* at 6. Based on these alleged flaws, Defendants argue that Dr. Lowry's opinions on this issue are "unhelpful" to a jury and move to exclude Dr. Lowry from testifying that "any test results or collected samples in his analysis are 'consistent with' overgeneralized, unreliable descriptions of generic wastewater profiles or the barrel reconditioning industry at large." *Id.* at 7.

The government argues that no part of Dr. Lowry's should be excluded. Dkt. 95 at 1. The government contends that Dr. Lowry is "eminently qualified within the field of environmental chemistry" to serve as an expert witness and that his testimony is both relevant and reliable. *Id.* With respect to Defendants' criticism of Dr. Lowry's use of the EPA reports, the government claims that the two reports are "foundational studies [] undertaken for the stated purpose of informing the agency on the processes practiced and waste streams produced by industries engaged in the same operations as Seattle Barrel." *Id.* at 9. Moreover, the government notes that "[d]ata collected and analyzed in those studies provided regulators with information to guild rulemaking for the barrel reconditioning industry." *Id.* Dr. Lowry used the metal concentrations identified in the reports to conclude that the samples collected from Seattle Barrel were comparatively similar. *Id.* The government argues that Dr. Lowry's use of the reports is "grounded in established scientific principles." *Id.* The Court agrees.

As Defendants do not dispute the relevance of Dr. Lowry's testimony nor his

ORDER – 3

qualifications to offer expert opinion on the matter, the key issue here is the reliability of Dr. Lowry's testimony regarding whether collected samples are "consistent with" expected chemical profiles from drum reconditioning facilities, based in part on the EPA studies.  The test for reliability of scientific evidence is whether the principles and methodology applied are "grounded in the methods of science." *GlaxoSmithKline*, 858 F.3d at 1232.  In determining whether such testimony should be admitted, a court must focus on the principles and methodology applied, not the conclusions drawn.  509 U.S. at 595.  The test of reliability is flexible." *Pyramid Techs.,* 752 F.3d at 813.

The Court concludes that Dr. Lowry's opinions based on the EPA reports at issue are grounded in scientific principles and meet the *Daubert* standard for reliability and Rule 702 requirements.  *See Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (holding that expert testimony is reliable "if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline").  The Court finds that testimony based on EPA foundational studies that provide the EPA with information about the processes practiced and waste streams produced by industries engaged in the same operations as Seattle Barrel is indeed both relevant and reliable.  Defendants may disagree with Dr. Lowry's opinions and challenge the accuracy of the evidence supporting his conclusions, but their challenge goes to the weight of his testimony, not its admissibility.  Indeed, Defendants may attack his testimony through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."  509 U.S. at 596.

/

/

/

/

/

ORDER – 4

For the foregoing reasons, the Court **DENIES** Defendants' Joint Motion to Exclude Certain Opinions of Joe H. Lowry Under *Daubert* and Fed. R. Evid. 702.  Dkt. 81.

DATED this 13th day of November, 2021.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5