HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>LOUIE SANFT, JOHN SANFT, and SEATTLE BARREL AND COOPERAGE COMPANY<br><br>   Defendants. | Case No. CR 19-00258 RAJ<br><br>ORDER DENYING DEFENDANTS' JOINT OMNIBUS MOTIONS IN LIMINE |

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendants' Joint Omnibus Motions *in Limine*. Dkt. 79. The government opposes the motion. Dkt. 93. Having reviewed the pleadings, record, and relevant law, the Court finds that oral argument is unnecessary. For the reasons below, the Court **DENIES** the motion.

## II. DISCUSSION

Defendants move the Court to exclude two categories of evidence: (1) evidence that the caustic solution that was allegedly discharged had the capacity to injure Seattle Barrel employees; and (2) regulatory reports and administrative citations for violations

ORDER – 1

(and related communications or testimony) containing allegations of administrative claims. Dkt. 79 at 2. Defendants argue that evidence of injuries or potential injuries is irrelevant to the charges and highly prejudicial and should be excluded under Federal Rules of Evidence 401, 402, and 403. *Id.* at 3-4. Similarly, Defendants argue that evidence of purported "wrongful" conduct beyond the charged offense conduct is "completely irrelevant to the issues posed to the jury," "unfairly prejudicial," and will distract the jury from the issues before it. *Id.* at 4-5.

Defendants also contend that regulatory actions, administrative violations, and government citations against Seattle Barrel that the government intends to offer are inadmissible prior bad acts under Rule 404(b)(1). *Id.* at 6. Further, Defendants argue, any statements attributed to witnesses within such reports constitute hearsay within hearsay and are therefore inadmissible. *Id.* at 6-7.

The government responds that evidence of regulatory and administrative violations is relevant to showing whether Louie Sanft knew Seattle Barrel was discharging wastewater from the caustic waste tank to the county sewer system, which is a "key issue in the case." Dkt. 93 at 1. The government contends that regulators had, over the years, confronted Louie with reports that, for example, someone had tampered with Seattle Barrel's wastewater filtration system and that hoses were discovered running from the facility to adjacent train tracks. *Id.* at 2. Louie claimed these were aberrant acts of employees and continued to employ managers he knew committed the violations. *Id.* When EPA agents confronted Louie in 2019, the government claims that he "professed shock and dismay" and insisted that he had no idea employees were dumping wastewater. *Id.*

The government argues that prior regulatory reports are therefore relevant to demonstrate that Louie's "self-professed lack of knowledge is not credible." *Id.* The government contends that evidence of past violations is admissible "to show defendants' knowledge, intent, and absence of mistake." *Id.* Moreover, the government argues that

ORDER – 2

Defendants have not established that the probative value of such evidence is substantially outweighed by a danger of *unfair* prejudice under Rule 403. *Id.* at 11.

With respect to Defendants' motion to exclude evidence that the caustic solution had the capacity to injure Seattle Barrel employees, the government indicates that it "does not intend to offer evidence that employees were actually injured by the caustic solution." *Id.* at 12. Instead, the government seeks to introduce "brief testimony that the fumes from the solution were strong enough to sting employees' eyes or to burn their skin." *Id.* Because Seattle Barrel did not regularly monitor the pH level of its caustic tank, the government will offer evidence that the pH level was above 12.0 in the form of EPA and KCIW monitoring results as well as test results from three samples taken by other organizations. *Id.* at 13. The government seeks to supplement this evidence through testimony in which Seattle Barrel employees state that the solution was strong enough to sting their eyes or burn their skin. *Id.* Such testimony, the government claims, would go to "the nature" of the liquid and "corroborate the lab test results showing that the liquid in the tank had a very high pH value." *Id.* The government argues that such testimony is relevant under Rule 401, which states that evidence is relevant if "it has any tendency to make a [material] fact more or less probable than it would be without the evidence." *Id.* (citing Fed. R. Evid. 401).

Under Federal Rule of Evidence 404(b), evidence of a prior wrong or bad act is not admissible to prove a person's character to show that a person acted in accordance with the character on a particular occasion. Fed. R. Evid. 404(b)(1). However, such evidence is excluded "where that evidence proves *only* criminal disposition." *United States v. Cruz-Garcia*, 344 F.3d 951, 954 (9th Cir. 2003). It is admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see also* 344 F.3d at 954 (holding that "if evidence of prior crimes bears on other relevant issues, 404(b) will not exclude it"). To prove that evidence is admissible for another purpose,

ORDER – 3

the government must establish that "(1) the prior act tends to prove a material issue in the action, (2) the prior act is not "too remote" from the charged offense, (3) the prior act is similar to the charged offense, and (4) the defendant committed the prior act." *United States v. Iverson*, 162 F.3d 1015, 1026 (9th Cir. 1998).

The Court finds that the evidence proffered by the government in the form of regulatory reports and administrative violations satisfies this test. The government satisfies the first prong because the evidence is being used to demonstrate Louie's knowledge and intent, which is a requirement under the charged Clean Water Act ("CWA") offenses. Seattle Barrel's history of regulatory violations spans between 2012 and 2018; the Court finds that this period is not "too remote in time" in satisfaction of the second prong. *See United States v. Iverson*, 162 F.3d 1015, 1027 (9th Cir. 1998) (noting that the Ninth Circuit "repeatedly has upheld the admission of evidence of prior acts that are more than seven years old") (citing *United States v. Johnson,* 132 F.3d 1279, 1283 (9th Cir.1997) (13 years); *United States v. Hadley,* 918 F.2d 848, 851 (9th Cir.1990) (10 years); *United States v. Ross,* 886 F.2d 264, 267 (9th Cir.1989) (13 years))). The third prong is also satisfied because the regulatory reports at issue involve the improper discharge or treatment of wastewater by Seattle Barrel, which is clearly similar to the charged offenses. Finally, the Court finds there is sufficient evidence demonstrating that Seattle Barrel, or its employees, committed the prior violations. The Court therefore finds that evidence of past regulatory violations is admissible here to demonstrate knowledge, intent, and absence of mistake. *See Iverson*, 162 F.3d at 1026-1027. If requested, the Court may provide a limiting jury instruction on evidence offered for the purpose of establishing knowledge or intent.

With respect to evidence on the capacity of the solution to injure Seattle Barrel employees, the Court will hold the government to its word that it will not proffer witness testimony on injuries suffered but will offer "limited testimony" about the employees' observations of the nature of the liquid in the tank. The Court finds such testimony is

ORDER – 4

relevant to establishing that Seattle Barrel's discharge exceeded 12.0, which was prohibited by its discharge permit. Defendants provide no explanation why such evidence is so "highly prejudicial," and the Court finds no unfair prejudice in allowing witnesses to testify in a limited fashion as to the caustic nature of the fumes to the extent that they might have stung their eyes or, if splashed, burned their skin.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Joint Omnibus Motions *in Limine*. Dkt. 79.

DATED this 16th day of November, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5