HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOUIE SANFT, JOHN SANFT, and SEATTLE BARREL AND COOPERAGE COMPANY<br><br>　　　　Defendants. | Case No. CR 19-00258 RAJ<br><br>ORDER ON GOVERNMENT'S SUBMISSION ON IMMIGRATION STATUS AND CHARACTER EVIDENCE AND DEFENDANTS' REQUEST TO ADMIT INTERVIEW STATEMENTS UNDER RESIDUAL HEARSAY EXCEPTION |

### I.　　INTRODUCTION

This matter comes before the Court on the government's submission regarding immigration status and character evidence, Dkt. 140, and Defendants' joint reply in support of admission of EPA interview statements, Dkt. 153-1. Defendants filed a joint opposition to the government's motion. Dkt. 149. For the reasons below, the Court **DENIES** the government's submission, Dkt. 140, and **AFFIRMS** its prior decision regarding the admission of EPA interview statements, Dkt. 153-1.

ORDER – 1

## II. DISCUSSION

*A. Government's Submission Regarding Immigration Status and Character Evidence*

During the pretrial conference held on November 22, 2021, the government provided notice that it might seek to offer evidence that certain Seattle Barrel employees are not authorized to work in the United States for the purpose of either: (1) showing an employee has a motive to please Mr. Sanft through his testimony because the employee cannot easily obtain other employment; or (2) responding to the defense's presentation of character evidence. Dkt. 140 at 1. The Court directed the government to submit a brief setting forth its position.

In its submission, the government confirmed that it will not inquire into Seattle Barrel employees' ability to work legally in the United States. *Id.* However, the government stated that it "believes it is fair game to ask the employees whether it would be difficult for them to find another job, without going into the reasons for this." *Id.* at 2. The government stated that it will not ask character witnesses about their knowledge of Mr. Sanft's employees' immigration status but claimed that it is entitled to "question character witnesses about their knowledge of other specific instances of conduct that may reflect on Mr. Sanft's character." *Id.*

Defendants argue that asking Seattle Barrel employees "whether it would be difficult for them to find another job" is a thinly veiled attack on their immigration status. Dkt. 149 at 1-2. They argue that such questioning would significantly prejudice the defendants. *Id.* at 2, 5. The Court agrees. Evidence of immigration status is irrelevant to this trial and unduly prejudicial under Federal Rule of Evidence 403. *See Navarro v. City of Fontana*, 2011 WL 13124691, at *2 (C.D. Cal. Mar. 24, 2011); *Point Ruston, LLC v. Pac. Nw. Reg'l Council of United Bhd. of Carpenters & Joiners of Am*., 2010 WL 3766503, at *1 (W.D. Wash. Sept. 22, 2010). Asking whether it would be difficult for a Seattle Barrel employee to find another job—particularly after informing jurors during

ORDER – 2

*voir dire* that some of the witnesses are undocumented immigrants—is a clear reference to an individual's immigration status.  Moreover, the government has not tendered any evidence that would support the unauthorized work status of any Seattle Barrel employees.  The Court bars the government from inquiring into the immigration status of any witness, including asking whether a Seattle Barrel employee would have difficulty finding alternative employment.  The Court also accepts defendants' contention that they will not argue that the government's witness, Dennis Leiva, is untrustworthy because he is an undocumented immigrant.  Dkt. 149 at 3 n. 1.

Defendants also argue that the government should not be permitted to ask character witnesses whether they knew Mr. Sanft employed undocumented immigrants because such questioning would be unfairly prejudicial under Rule 403 and barred by Rule 404(b) as propensity evidence.  *Id.* at 8-9.  The Court agrees.  Rule 404(b) precludes evidence of any other crime, wrong, or act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b).  The hiring of undocumented workers is unlawful in most circumstances.  The Court finds that this evidence is unduly prejudicial under Rule 403 and barred by Rule 404(b).  *See United States v. Arambula-Ruiz*, 987 F.2d 599, 605 (9th Cir. 1993) (holding that "evidence of the prior arrests should have been excluded under Rule 404(b) because it was not admissible for purposes other than to show [defendant's] character or propensity to commit bad acts").  Further, as Defendants note, the government has not established a foundation that Mr. Sanft himself knew that any Seattle Barrel employees were undocumented.  *Id.* at 9. The Court directed the government to provide justification for such a question but, as noted above, the government has failed to do so.  For these reasons, the government may not ask any witness, including any character witness, whether he or she knew or was aware that Mr. Sanft employed undocumented immigrants.

ORDER – 3

*B. Defendants' Request to Admit Audio Recordings*

In their trial brief, defendants stated that they intend to introduce custodial interview transcripts of three Seattle Barrel employee who are unable to attend trial. Dkt. 126 at 30. At the November 22, 2021 pretrial conference, the Court ordered the government to file an opposition brief on this topic. The government filed a brief, and the Court ruled that the interview transcripts were inadmissible. Having reviewed defendants' reply to the government's response, Dkt. 153-1, the Court reaffirms its prior order.

The Court denies defendants' request to admit tape recorded statements taken by EPA agents during the execution of the search warrant at Seattle Barrel of witnesses who are now unavailable for trial. Under Rule 807, a hearsay statement is not excluded by the rule against hearsay if "the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement . . ." While the Court acknowledges that the three individuals were warned that it was illegal to lie to the government, the Court does not find this, nor other arguments set forth by defendants, sufficient to guarantee trustworthiness or reliability for the reasons set forth by the government. Furthermore, the Court notes that John and Louie Sanft's interview statements are not comparable to those of the three individuals at issue here because the former are admissible as party admissions.

### III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. The government is precluded from asking any questions related to immigration status, including whether a Seattle Barrel employee would have difficulty finding new work;

2. The government is barred from asking any witness, including any character witness, whether he or she knew or was aware that Mr. Sanft employed

ORDER – 4

undocumented immigrants;

3. Defendants may not argue that the government's witness, Dennis Leiva, is untrustworthy because he is an undocumented immigrant;

4. Defendants may cross-examine Mr. Leiva about any immigration benefits he was offered for testifying for the government; and

5. Defendants' request to admit audio recordings under the residual hearsay exception is **DENIED**.

DATED this 6th day of December, 2021.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5