HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

LOUIE SANFT and SEATTLE BARREL
AND COOPERAGE COMPANY,

       Defendants.

Case No. CR 19-00258 RAJ

ORDER ON DEFENDANTS'
JOINT MOTION TO EXCLUDE
IRRELEVANT AND UNFAIRLY
PREJUDICIAL TESTIMONY ON
CONSUMABLES

## I.    INTRODUCTION

This matter comes before the Court on defendants' joint motion to exclude testimony on consumables.  Dkt. 163.  The government opposes the motion.  Dkt. 169. Having reviewed the briefing, record, and relevant law, the Court finds that oral argument is unnecessary.  For the reasons below, the Court **DENIES** the motion.

## II.    DISCUSSION

Defendants seek to exclude testimony from government witness Adam McMurtrie, a sales representative for CDF Industries, the company that sold Seattle Barrel its wastewater treatment system.  Defendants argue that testimony on the wastewater

ORDER – 1

system, which recycles and cleans water, is irrelevant because the system "is <u>totally</u> <u>distinct</u> from the caustic tank system at issue in this case."  Dkt. 163 at 1. Such testimony, Defendants contend, could confuse the jury and would be prejudicial.  *Id.* at 2. Defendants further argue that the testimony is speculative because Mr. McMurtrie has stated he is unaware if the systems are connected or if defendants purchased consumables required for operating the wastewater treatment system from another source.  *Id.* Defendants argue that the only purpose of the evidence is propensity: the government seeks to prove that because defendants, in Mr. McMurtrie's opinion, failed to purchase sufficient consumables to operate the wastewater treatment system, "they must have acted consistently with that bad act and knowingly discharged pollutants into the sewer." *Id.*  Defendants argue that such evidence is barred by Federal Rule of Evidence 404(b). *Id.*

The government responds that Mr. McMurtrie's testimony is relevant and admissible because the defense has placed the wastewater treatment system at issue by arguing in opening that Louie Sanft's willingness to install and spend money on the system is evidence of his intent to comply with Seattle Barrel's permit requirements. Dkt. 169 at 3.  The government indicates that Mr. McMurtrie will testify to the following:

> [T]he Seattle Barrel wastewater treatment system requires tens of thousands of pounds of flocculent (clay) each year to function properly. The flocculent costs over $1 per pound. The flocculent is a highly-specialized product, and Mr. McMurtrie typically supplies his customers with flocculent on an ongoing basis once the system is operational. Mr. McMurtrie will testify (and CDF business records reflect) that Seattle Barrel purchased 6,000 pounds of flocculent (a one-month supply) when the system was first installed in June 2016. However, once the system was approved by KCIW and became operational, Seattle Barrel stopped buying flocculent. Seattle Barrel resumed purchasing flocculent only after the government executed the search warrant in 2019. Mystified by Seattle Barrel's failure to purchase flocculent, Mr. McMurtrie asked Mr. Sanft if he was purchasing his flocculent elsewhere. Louie Sanft said he was not.

*Id.*

The government argues that the evidence is admissible under Rule 404(b) to show

ORDER – 2

motive and intent and to prove that the wastewater treatment systems was not used to treat the caustic solution. *Id.* at 4. Finally, the government argues that defendants' argument that the evidence is speculative because Mr. Sanft could have purchased consumables from an alternate source goes to the weight of the evidence, not its admissibility. Dkt. 169 at 4.

Fed. R. Evid. 404(b) provides, in relevant part:

> Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

It is a "rule of inclusion." *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996).

The Court finds that Mr. McMurtrie's testimony on defendants' purchase of consumables is admissible under Rule 404(b) to show motive and intent. The government claims that at least part of Mr. Sanft's motive in discharging caustic solution was to save money. *Id.* Evidence that he did not purchase sufficient consumables to properly operate the wastewater treatment system in an effort to save money is probative of his motive and intent to save money with respect to discharge of caustic solution. The Court finds that Defendants' argument that Mr. McMurtrie's testimony is speculative goes to the weight of the testimony, not its admissibility. *Id.* However, the Court will not admit speculative testimony. Mr. McMurtrie may only testify to the facts of which he is aware. He may not provide his personal opinions regarding whether Seattle Barrel was properly treating the wastewater or whether it had purchased consumables elsewhere.

/ /

/ /

/ /

/ /

ORDER – 3

### III.   CONCLUSION

For the foregoing reasons, defendants' joint motion to exclude testimony on consumables is **DENIED**.

DATED this 6th day of December, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4