HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LOUIE SANFT and SEATTLE BARREL AND COOPERAGE COMPANY

    Defendants.

Case No. CR 19-00258 RAJ

ORDER ON DEFENDANTS' JOINT MOTION TO EXCLUDE SELECT PORTIONS OF THE RECORDED INTERVIEW OF JOHN SANFT

## I. INTRODUCTION

This matter comes before the Court on defendants' joint motion to exclude two segments of the recorded interview of John Sanft. Dkt. 166. The government opposes the motion with respect to one segment but agrees not to offer the second. Dkt. 176. Having reviewed the briefing, record, and relevant law, the Court finds that oral argument is unnecessary. For the reasons below, the motion is GRANTED with respect to the remaining segment at issue.

## II. DISCUSSION

Defendants move to exclude lines 74:7–10 of Exhibit 706.10 under the Confrontation Clause and *Bruton v. United States*, 391 U.S. 123 (1968). Dkt. 166 at 2.

ORDER – 1

The segment at issue is John Sanft's response to an EPA agent's question about Dennis Leiva:

> MCCULOUGH:  How did Dennis come about knowing about how to do this?
>
> J. SANFT:  I have no idea why he would do that when I keep saying we don't do that.
>
> MCCULOUGH:  But how did he know about this?
>
> J. SANFT:  Well, he's been here for years.  He knows all the ins and outs probably almost better than I do.  Because all these other guys, him and Louie and all that, they all work on—you know, we've got to clean—oh, we've got to do this and that.  And my philosophy to me is I got to get drums out.

Dkt. 166 at 3.

Defendants specifically seek to exclude the last two sentences of John's response, "Because all these other guys, him and Louie and all that, they all work on—you know, we've got to clean—oh, we've got to do this and that.  And my philosophy to me is I got to get drums out." *Id.*  Defendants argue that this portion of the statement is similar to the statements the Court has already excluded under *Bruton*: (1) the statement that Louie Sanft "knows exactly what [Dennis Leiva] does," and (2) the statement that Louie was personally responsible for hiring a contractor to fill in the "hidden" drain.  *Id.* (citing Dkt. 115 at 5).

The Court agrees that this portion of John Sanft's statement is similarly inadmissible under *Bruton.*  John Sanft's statement is a response to the agent's question about how Leiva learned "how to do this."  John's immediate response refers not simply to how Leiva knew how to clean, but how Leiva knew how to discharge the solution in an improper manner.  ("I have no idea why he would do that when I keep saying we don't do that.")  John's subsequent comment confirms that Leiva, "other guys," and, specifically, Louie, were aware of or involved in the process.

The Court finds this segment to be facially incriminating.  While the agent may have been asking about the cleaning process, John Sanft's immediate response

ORDER – 2

referencing the improper discharge process renders the following statement facially incriminating to Louie Sanft.  A facially incriminating statement of a nontestifying codefendant is inadmissible under *Bruton*.  *See Richardson v. Marsh*, 481 U.S. 200 (1987) (holding "a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant").

### III. CONCLUSION

For the foregoing reasons, defendants' joint motion to exclude John Sanft's statements in lines 74:7–10 of Exhibit 706.10 is GRANTED.

DATED this 8th day of December, 2021.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3