HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LOUIE SANFT and SEATTLE BARREL AND COOPERAGE COMPANY

    Defendants.

Case No. CR19-00258 RAJ

ORDER ON DEFENDANTS' JOINT MOTION FOR ADMISSION OF STATEMENTS OF JOHN SANFT UNDER RULE OF COMPLETENESS

## I.    INTRODUCTION

This matter comes before the Court on defendants' joint motion for admission of statements of John Sanft under the Rule of Completeness. Dkt. 167. The government opposes the admission of two excerpts and does not oppose the admission of the remaining excerpts. Dkt. 186. Having reviewed the briefing, record, and relevant law, the Court finds that oral argument is unnecessary. For the reasons below, the motion is GRANTED.

## II.    DISCUSSION

Defendants move the Court to require that additional portions of John Sanft's recorded interview be admitted at the same time as the other portions of his recorded

ORDER – 1

interview. Dkt. 167 at 2.  Specifically, defendants seek to admit the following portions for the reasons indicated:

> 1.  Lines 53:21–55:12 from Exhibit 706.06 (among other exhibits) are necessary to correct "a misleading impression that John is 'clueless' about the operation of the caustic tank and about whether Dennis [Leiva] could have been discharging." *Id.*;
>
> 2.  Lines 60:3–7 from Exhibit 706.08 (among other exhibits) are necessary to correct the "misimpression" that Louie had directed the discharges. *Id.* at 6;
>
> 3.  Lines 60:14–62:2 from Exhibit 706.06 and 706.08 (among other exhibits) are necessary to clarify what John actually knows about whether and why Dennis was discharging from the caustic tank. *Id.* at 8;
>
> 4. Lines 66:24–68:12 from Exhibit 706.10 (among other exhibits) are necessary to provide context and provide clarification of what John said about whether he and Louie were complicit in the discharges. *Id.* at 11;
>
> 5.  Lines 94:23–95:24 from Exhibits 706, 706.10, and 706.17 (among other exhibits) are necessary to clarify John's role and his relationship with Louie. *Id.* at 14;
>
> 6.  Lines 97:14–98.25 from Exhibit 706.17 (among others) are necessary to demonstrate that John did not definitively know about using the evaporator to clean the caustic tank. *Id.* at 17.
>
> 7.  Lines 107:8–21 from Exhibit 706.10 (among other exhibits) are necessary to confirm that John's prior statements were truthful and that he had nothing to correct. *Id.* at 20.
>
> 8.  Lines 114:2–12 from exhibit 706.10 and 706.22 (among others) are necessary to correct the misimpression that Dennis was John' subordinate and that John had been complicit in Dennis's actions. *Id.* at 21.
>
> 9.  Lines 118:16–122:21 from Exhibit 706.10 are necessary to correct impressions that John had admitted he had been lying and admitted that he knew about the discharges. *Id.* at 24.

The government opposes only the admission of lines 60:3–60:7 from Exhibit 706.08 and lines 66:24–68:12 from Exhibit 706.10. Dkt. 186 at 2. The government does not oppose the admission of the remaining excerpts. *Id.* at 1-2.

ORDER – 2

      The common law Rule of Completeness, codified in Federal Rule of Evidence 106, provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). The rule is intended "to avert 'misunderstanding or distortion' caused by introduction of only part of a document." *Id.* (citing *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 172 (1988)). A party may not use the rule to admit a full statement if the "complete statement [does] not serve to correct a misleading impression in the edited statement that is taking something out of context." *Id.* (citing under *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996), *as amended* (Oct. 21, 1996)).

      The government argues that the two excerpts at issue are inadmissible because John Sanft "makes the exact same point" made in each excerpt in at least two other places in the excerpts played by the government. Dkt. 186 at 3-4. The government argues that the statements, specifically that (1) Dennis Leiva was discharging caustic solution on his own, without direction from Louie Sanft, and (2) that he told Dennis Leiva not to pump the sewer, had already been admitted and therefore need not be admitted again under the Rule of Completeness.

      The Court recognizes that John Sanft has made the statements at issue in other places. However, the Court finds that the absence of these statements within the context identified by Defendants and at the time in which the related statements were introduced may lead a jury to develop misimpressions. For the sake of clarity and to prevent "misunderstanding and distortion," the Court admits these two excerpts under the Rule of Completeness. 488 U.S. at 172.

//
//
//

ORDER – 3

### III. CONCLUSION

For the foregoing reasons, defendants' joint motion for admission of statements of John Sanft under the Rule of Completeness (Dkt. 167) is **GRANTED**.

DATED this 11th day of December, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4