HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

12

13

14

15

16

17

18

19

UNITED STATES OF AMERICA,

     Plaintiff,

   v.

LOUIE SANFT and SEATTLE BARREL
AND COOPERAGE COMPANY


     Defendants.

Case No. 2:19-cr-00258-RAJ

ORDER ON  DEFENDANTS' JOINT
MOTION TO RENOTE LOUIE
SANFT'S AND SEATTLE
BARREL'S MOTIONS FOR A NEW
TRIAL DUE TO SUPPLEMENTAL
DISCOVERY PRODUCED BY
GOVERNMENT

20

21

22

23

24

25

26

27

     This matter comes before the Court on Defendants' Joint Motion to Renote Louie
Sanft's and Seattle Barrel's Motions for a New Trial Due to Supplemental Discovery
Produced by Government.  Dkt. # 281.  The Government did not oppose re-noting the
motions.  Dkt. # 285.  Defendants filed a reply seeking additional relief, Dkt. # 288, to
which the Government responded in a status report and response to requests, Dkt. # 294.
Having reviewed all of the briefing, applicable law, and relevant record, the Court finds
that oral argument is unnecessary.

28

ORDER – 1

1
2
3
4

On December 22, 2021, following a two-week trial, a jury found Defendants Louie Sanft and Seattle Barrel and Cooperage Company (collectively, "Defendants") guilty on Counts 1 through 36. Dkt. ## 217, 218-1. The Court twice granted stipulated motions extending the deadline for filing post-trial motions. Dkt. ## 223, 230.

5
6
7
8

On March 2, 2022, Defendant Louie Sanft timely filed a Motion for New Trial, Dkt. # 263. The same day, Defendant Seattle Barrel and Cooperage Company filed a Motion for New Trial and Joinder, Dkt. # 267. Both motions were noted for March 25, 2022.

9
10
11
12
13
14
15
16
17
18
19
20

On April 22, 2022, Defendants filed a joint motion asking the Court to re-note their motions for new trial for June 3, 2022 due to supplemental discovery received from the Government and discovery that is expected to be produced. Dkt. # 281. Defendants contend that the supplemental discovery "is highly relevant" to their motions for a new trial. *Id.* at 1. Specifically, they allege that the new discovery indicates that Dennis Leiva, a key Government witness, "may have given false testimony about the benefits he hoped to receive for his testimony." *Id.* at 1-2. The Government responded that it does not oppose Defendants' request to re-note their motions for new trial. Dkt. # 285. It indicated that Mr. Leiva was granted a T-visa following trial in February 2022. *Id.* at 1. The Government contended that although the grant of the visa was unconnected to Mr. Leiva's cooperation with the Government, it had requested the immigration file related to Mr. Leiva's T-visa application. *Id.*

21
22
23
24
25
26
27

In their reply, Defendants argued that additional relief is necessary based on the Government's response and additional information received since the response was filed. Dkt. # 291 at 2. Defendants ask the Court to remove Defendants' motions for new trial from the calendar without prejudice to the motions being refiled once all discovery has been produced by the Government. *Id.* at 4. Defendants also argue that if the entire T-visa file is not produced, the Court should require the government to produce the entire file to the Court for an *in camera* determination of whether the materials in the T-visa file

28

ORDER – 2

1    are discoverable. *Id.* at 7.

2        The Government filed a status update and response to Defendants' requests for

3    relief. Dkt. # 294.  The Government indicated that it opposes the request to remove the

4    motions for a new trial from the calendar and requests, instead, that they be re-noted for

5    June 3, 2022 and that the Court decide the issues raised on existing briefing.  Dkt. # 294

6    at 3.  The Government argues that any additional arguments related to the T-visa file

7    should be filed in a separate brief.  *Id.*  If the T-visa file does not arrive in time for

8    Defendants for submit supplemental briefing in a timely fashion, the Government

9    indicates that it would stipulate to a further continuance of the noting date.  *Id.*  The

10   Government also opposes Defendants' request for Court intervention regarding discovery

11   as premature.  *Id.* at 4.  The Government indicates that it will produce the entire T-visa

12   file if it concludes that it can.  *Id.*  If it concludes that any materials are undiscoverable

13   and protected by statute, it will submit the materials for *in camera* review.  *Id.*  The

14   Government does not oppose Defendants' request to continue the sentencing to August

15   15, 2022.

16       Having considered the arguments, the Court finds that re-noting of the motions for

17   new trial for June 3, 2022, approximately three weeks from the date of this order, is not

18   appropriate given the fact that the T-visa file has not been received by the parties.  Due to

19   the potential significance of the T-visa file, as alleged by Defendants, the Court finds it

20   inappropriate to consider the existing briefing, which relies heavily upon arguments

21   regarding Mr. Leiva's credibility, without consideration of potentially relevant T-visa

22   material.  The Court hereby removes the motions for a new trial from the calendar

23   without prejudice to re-filing once all discovery has been obtained.

24       The Court also finds that a continuance of the sentencing hearing is appropriate to

25   permit the parties to file additional briefing as necessary.  The sentencing hearing is

26   rescheduled to August 26, 2022 at 1:30 P.M.  Finally, the Court ORDERS the

27   Government to produce the entire T-visa file to Defendants if it concludes that it is

28   ORDER – 3

permitted to do so.  If the Government concludes that any materials within the T-visa file are not discoverable or protected by statute, it will submit all such materials to the Court for *in camera* review.

DATED this 12th day of May, 2022.

_____

HON. RICHARD A. JONES.
United States District Court Judge

ORDER – 4