HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>LOUIE SANFT and SEATTLE BARREL AND COOPERAGE COMPANY,<br><br>                Defendants. | Case No. 2:19-cr-00258-RAJ<br><br>ORDER |

## I.     INTRODUCTION

This matter comes before the Court on Defendant Louie Sanft's Rule 29 Motion for Acquittal on Count 35, or, in the Alternative, For a New Trial on Count 35. Dkt. # 265. Defendant Seattle Barrel and Cooperage Company ("Seattle Barrel") filed joinder in the motion. Dkt. # 268. The Government opposes the motion. Dkt. # 271. Having reviewed the briefing, relevant record, and applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the Court **DENIES in part** and **DEFERS ruling in part** on the motion.

## II.     DISCUSSION

**A. Motion for Acquittal Under Rule 29**

Under Rule 29 of the Federal Rules of Criminal Procedure, a court may set aside a guilty verdict and enter an acquittal. Fed. R. Cr. P. 29(c)(2). The court reviews a motion for judgment of acquittal on a sufficiency-of-the-evidence standard. *United States v.*

ORDER – 1

*Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998). To do so, a court must find that "evidence supports a conviction, if, viewed in the light most favorable to the government, it would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *Id.* Even where evidence supports conflicting inferences, a court "must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).

In Count 35, Defendants Louie Sanft and Seattle Barrel were charged with and convicted of the following:

> [Defendants] did willfully and knowingly make, and cause to be made, a materially false, fictitious, and fraudulent statement in am atter within the jurisdiction of the Environmental Protection Agency. Specifically, LOUIE SANFT represented to an EPA-CID Special Agent that SEATTLE BARREL disposed of its Caustic Solution by evaporating it from the Caustic Tank. All in violation of Title 18, United States Code, Section 1001(a)(2) and Section 2.

Dkt. # 1 ¶ 30; Dkt. # 218 at 6. Defendants contend that the government failed to prove this was a false statement in violation of Section 1001.

Specifically, Defendants argue that the Government (1) failed to prove that Mr. Sanft actually said that Seattle Barrel disposed of its caustic solution by evaporating it from the caustic tank; and (2) Mr. Sanft's statements regarding evaporating water in the tank were, in fact, true. Dkt. # 265 at 2, 9. They claim that Mr. Sanft stated "only that 'much' of the *water* in the tank was evaporated, and that after that process there still remained caustic material in the tank to be disposed of." *Id.* at 2. Defendants argue that acquittal is required for these two reasons, but if the Court does not agree, they move the Court to vacate the verdict under Rule 33 because, they claim, the weight of the evidence did not support that Mr. Sanft's statements were knowingly and willfully false. *Id.* at 9.

The Government argues that Defendants' characterization of Mr. Sanft's statements "wholly ignores the content and context of [his] statements." Dkt. # 271 at 2.

ORDER – 2

Indeed, the Government asserts, when Mr. Sanft's statements were considered by the jury in context, the jury found that Mr. Sanft "represented to agents throughout his interview that Seattle Barrel disposed of its caustic wastewater by evaporating it from the tank instead of by dumping it into the sewer." *Id.* The Government cites the following exchange between Special Agent Goetz and Mr. Sanft in support of its argument:

> Special Agent Goetz: And when they drain [the tank], what has to happen to the material that's drained from it? Where does that go?
>
> Sanft: Well, first of all, what we try to do is we boil it down so there isn't—there isn't much material in there by the time we—
>
> Special Agent Goetz: Yeah.
>
> Sanft: You should try to coordinate that so that the material—instead of—so we quit adding water to it and so it boils down. So [Dennis Leiva's] supposed to . . . scoop that into the solids that go to Emerald Services.

Dkt. # 266-1 at 51:17-25, 52:1-2.

Agent Martenson then asks "[y]ou're trying to eliminate the liquid content of that tank as best as you can?" *Id.* at 52:3-4. Mr. Sanft responds "[y]eah. Well, the only reason why there's liquid is because we keep adding liquid to it, right?" *Id.* at 52:5-6. Agent Martenson then seeks to clarify whether "that's one of those waste streams . . . or the sodium hydroxide waste stream," *id.* at 52:17-18, and Mr. Sanft responds "[y]es, exactly." *Id.* at 52:20. The Government notes that this line of questioning by the agents was focused on what Seattle Barrel does with the caustic wastewater. Mr. Sanft responds that Dennis Leiva evaporated the contents of the tank until there was only "sludge and solids" that were scooped out and put into a drum to be sent to Emerald Services. This, argues that Government, when considered in the context of the questioning, is a representation that Seattle Barrel disposed of the caustic wastewater by evaporating it from the tank. Dkt. # 271 at 8. The Court agrees.

Mr. Sanft's statements were not a description of what happened to material in the

ORDER – 3

evaporation tank made in a vacuum, but rather were responses to questions about how caustic wastewater was disposed of. When considered in the light most favorable to the prosecution, Mr. Sanft's discussion of the evaporation of "liquid," which he confirmed was caustic solution and which he explained left residual sludge and solids at the bottom of the tank, could reasonably be found by a juror to be an explanation of how Seattle Barrel disposed of the caustic solution. Defendants maintain that Mr. Sanft said "(1) the evaporation process would *reduce* the material in the tank; and (2) at the *bottom* of the tank there would be 'sludge and solids' with 'some liquid' remaining in the tank as well." Dkt. # 275 at 2.

These statements could certainly be rationally understood by the jury as the evaporation process would *dispose* of at least some of the caustic material in the tank and the rest would remain in the form of sludge, solids, and some liquid. *See United States v. Stoddard*, 150 F.3d 1140, 1145 (9th Cir. 1998) (holding that "[a] rational trier of fact could reject [the defendant's] literal interpretation. . . Viewed by a jury in context temporally with all other facts provides a reasonable view that his literal interpretation is one of convenience"). Having reviewed all statements and witness testimony, the jury found that Mr. Sanft's statements as alleged in Count 35 were false. Based on the jury's finding, Defendants have failed to show that Mr. Sanft's statements were literally true. The Court therefore denies Defendants' motion for acquittal under Rule 29.

**B. Motion for New Trial on Count 35 Under Rule 33**

Under Federal Rule of Criminal Procedure 33, a court may, on a defendant's motion, vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Cr. P. 33(a). A court has broader power to grant a motion for a new trial than to grant a motion for judgment of acquittal. *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may

ORDER – 4

set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id.* at 1211-12. The decision to grant a new trial is within the sound discretion of the district court. *Id.* at 1212.

Defendants assert that even if the Government established that Mr. Sanft's statements were false, the evidence of requisite knowledge and willfulness "would have relied on the testimony of Dennis Leiva." Dkt. # 265 at 12. Defendants have not shown evidence that preponderates heavily against the verdict on Count 35, requiring a new trial in the interest of justice. However, because the Court has deferred ruling on Defendants' motion for a new trial, Dkt. # 263, until the parties have completed additional discovery and briefed any concerns regarding Mr. Leiva's credibility, the Court finds that deferral on this issue is appropriate here. The Court therefore defers ruling on whether it will grant a new trial until it reviews other post-trial briefing related to Mr. Leiva's credibility.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion for acquittal on Count 35 and **DEFERS** ruling on Defendants' motion for a new trial on Count 35.

DATED this 22nd day of June, 2022.

*[signature: Richard A. Jones]*

HON. RICHARD A. JONES
United States District Judge

ORDER – 5