AO245G    (Rev. 11/25) Judgment in a Criminal Case for Revocations for Organizational Defendants
Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Washington

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **v.** | (For **Revocation** of Probation for Organizational Defendants) |
| Seattle Barrel and Cooperage Company | Case Number:    2:19CR00258RAJ-003 |
| | Peter Offenbecher |
| | Defendant Organization's Attorney |

## THE DEFENDANT ORGANIZATION:

☒ admitted guilt to violation of supervision condition(s)  1-3

☐ was found in violation of supervision condition(s).

The organizational defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1. | Failing to notify probation of administrative proceedings | 04/17/2026 *or administrative action* |
| 2. | Failing to notify probation of a major civil litigation | 04/17/2026 |
| 3. | Submitting false quarterly attestation letters | 01/20/2026 |

The defendant organization is sentenced as provided in pages 2 through 5 of this judgment.

☐ The defendant organization has not violated supervision condition(s) and is discharged as to such violation(s) condition.

It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Defendant Organization's
Federal Employer I.D. No:

June 18, 2026
Date of Imposition of Judgment

Defendant Organization's Principal Business Address:
4621 Airport Way South, Seattle WA 98108

Signature of Judge

Richard A. Jones, United States District Judge
Name and Title of Judge

Defendant Organization's Mailing Address:
4621 Airport Way South, Seattle WA 98108

June 18, 2026
Date

AO245G      (Rev. 11/25) Judgment in a Criminal Case for Revocations for Organizational Defendants
            Sheet 2 — Probation

DEFENDANT ORGANIZATION:    Seattle Barrel and Cooperage Company
CASE NUMBER:    2:19CR00258RAJ-003

## PROBATION

The defendant organization is hereby sentenced to probation for a term of:  3 years, 2 months, and 20 days (to expire
September 7, 2029)                                                        .

The defendant organization shall not commit another federal, state or local crime.


If this judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant organization
pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant organization must comply with the standard conditions that have been adopted by this court as well as with
any additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the probation officer;

2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3) the defendant organization shall notify the probation officer at least ten days prior to any change in principal business or mailing address;

4) the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;

5) the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and

7) the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

AO245G     (Rev. 11/25) Judgment in a Criminal Case for Revocations for Organizational Defendants
           Sheet 2B — Probation

DEFENDANT ORGANIZATION:   Seattle Barrel and Cooperage Company
CASE NUMBER:   2:19CR00258RAJ-003

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his or her person, property, house, residence, storage unit, vehicle, papers, computers (as defined in 18 U.S.C.§1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

2. The defendant shall provide the probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's federal income tax returns.

3. The defendant shall disclose all assets and liabilities to the probation office. The defendant shall not transfer, sell, give away, or otherwise convey any asset, without first consulting with the probation office.

4. Seattle Barrel shall comply with all federal, state, and local laws and regulations.

5. Within 60 days, Seattle Barrel (SBC) will hire an environmental consultant who is familiar with federal, state, and local environmental regulations in the industrial setting in which SBC operates, and who is acceptable to the United States Attorney's Office. The consultant will be engaged to, and will, perform the following functions:

   a. The consultant will familiarize themselves with the nature and extent of (1) the prior SBC violations which resulted in the criminal convictions for which this probation has been imposed by the Court; and (2) the current violations which have been identified by the State Department of Ecology (DOE) in its February 12, 2025 inspection and have resulted in the Administrative Order and Penalty levied by DOE in February 2026.

   b. Within 60 days, SBC, with the consultant's assistance, will resolve the violations found by the State of Washington Department of Ecology, from the compliance inspection conducted on February 12, 2025. Seattle Barrel will, with the consultant's assistance, submit a report to Ecology and United States Probation showing proof the violations have been resolved.

   c. The consultant will meet on site at the physical location of Seattle Barrel with the Operations Manager of Seattle Barrel (who shall be the designated corporate representative of SBC) at least on a bi-monthly (once every two months) basis. At this meeting, the consultant and the SBC Operations Manager shall review the checklist together and jointly generate the attestation report identified in **Special Condition 4** of the Original Judgment. This attestation of compliance with federal, state, and local regulations shall be submitted to the United States Probation Office bi-monthly (once every two months) rather than quarterly, as was noted in the original judgment.

6. Within 60 days, SBC shall notify DOE and the USPO of:

   a. Two verified SBC based (rather than personal) email addresses at which any official correspondence can be received;

   b. Verification of the physical address at which any official correspondence at which regular mail can be delivered; and

   c. A verified telephone number at which the SBC Operations Manager may be contacted during regular business hours.

AO245G    (Rev. 11/25) Judgment in a Criminal Case for Revocations for Organizational Defendants
Sheet 3 — Criminal Monetary Penalties

Judgment — Page **3** of **5**

DEFENDANT ORGANIZATION:    Seattle Barrel and Cooperage Company
CASE NUMBER:    2:19CR00258RAJ-003

## CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 14,400 (Paid) | $ 20,000 | $ Not applicable |

☐ The determination of restitution is deferred until _____ .
An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant organization must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☒ The defendant organization shall pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full ~~before the fifteenth day~~ /within 60 days after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest and it is ordered that:
   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution
   ☐ the interest requirement for the    ☐ fine    ☐ restitution    is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245G        (Rev. 11/25) Judgment in a Criminal Case for Revocations for Organizational Defendants
              Sheet 4 — Schedule of Payments

DEFENDANT ORGANIZATION:   Seattle Barrel and Cooperage Company
CASE NUMBER:   2:19CR00258RAJ-003

## SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payment of  $ 20,000        due ~~immediately, balance due~~

      ☒  not later than  Sixty (60) days , or

      ☐  in accordance with  ☐ C or    ☐ D below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C or    ☐ D below); or

**C**  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant organization shall pay the cost of prosecution.

☐  The defendant organization shall pay the following court cost(s):

☐  The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.